fSTAN S. MALLISON (Bar No. 184191)
 StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
 HectorM@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff and a class of similar
situated employees.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES VALENZUELA, an individual, on behalf of herself, all other similarly situated individuals, and other current or former employees,<br><br>    Plaintiff,<br><br>  vs.<br><br>BEST-LINE SHADES, INC., a California Corporation; BEST-LINE, INC., a California Corporation; JILL SCHAFFER, an individual, and DOES 1 through 20,<br><br>    Defendants. | Case No:_____<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Federal Fair Labor Standards Act Violation;<br>2. Failure to Pay Contractual Wages;<br>3. Failure to Pay Minimum Wage;<br>4. Failure to Pay Overtime;<br>5. Wage Statement and Record Keeping Violations;<br>6. Meal Period Violations;<br>7. Rest Period Violations;<br>8. Failure to Provide Reimbursement for Necessary Business Expenditures;<br>9. Failure to Pay All Wages Owed Upon Termination;<br>10. Retaliation for Participating in a Protected Activity;<br>11. Violation of UCL (Bus. & Prof. Code §§ 17200 et seq.)<br><br>  **DEMAND FOR JURY TRIAL** |

1.     Plaintiff Dolores Valenzuela ("Plaintiff") brings this action against Defendants Best-Line Shades, Inc., Best-Line, Inc., Jill Schaffer, And Does 1 through 20 (collectively "Defendants"), individually and on behalf of all other similarly situated individuals employed under common circumstances and facts.  The allegations made in this Complaint are based on the knowledge of Plaintiff, except those allegations made on information and belief, which are based on the investigation of her counsel.

2.     As a result of the violations described herein, Plaintiff brings this class action on behalf of a Class of non-exempt workers employed by Defendants in California.

## I.   **NATURE OF THE ACTION**

3.     This is wage and hour class action to vindicate the rights afforded employees by federal and California labor laws.  This action is brought on behalf of Plaintiff in three capacities: (a) individually; (b) as FRCP Rule 23 representative of a class or various subclasses of non-exempt employees employed by, or formerly employed by, Defendants; and (c) as a Fair Labor Standards Act ("FLSA") collective action (29 U.S.C. § 216(b)).

4.     This action revolves around the systematic failure by Defendants to pay California non-exempt employees, including Plaintiff and the Class, in conformance with federal and California laws.  Defendants Best-Line Shades, Inc., Best-Line, Inc., Jill Schaffer, and DOES 1-20, have employed Plaintiff and the Class directly, as joint employers, or as agents of one another, and are referred to herein as "Defendants."

5.     The core violations Plaintiff alleges against Defendants are: (1) failure to pay contractual wages; (2) failure to pay minimum wage; (3) failure to pay all overtime wages owed; (2); failure to pay all minimum wages owed; (4) failure to keep accurate employment records and wage statements; (5) failure to provide timely first meal periods, failure to provide uninterrupted 30-minute meal periods, and failure to provide second meal periods, and/or provide appropriate compensation in lieu thereof; (6) failure to provide timely, complete, rest periods, and/or provide appropriate compensation in lieu thereof; (7) failure to provide reimbursement for necessary business expenditures; (8) failure to pay all wages owed upon termination; and (9) retaliation for

1

6.      Defendants have refused to pay the wages due and owed to Plaintiff and on behalf of herself and all other non-exempt employees employed by, or formerly employed by Defendants (hereinafter referred to as "Class Members"). As a result of these violations, Defendants have violated the Fair Labor Standards Act 29 U.S.C. § 216 and 216(b), as well as provisions of California labor laws, which in turn has resulted in additional violations entitling Plaintiff and the Class to prompt payment of wages and penalties.

## II.   JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction based on federal question jurisdiction pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

8.      This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims that they form part of the same case and controversy under Article III of the U.S. Constitution.

9.      This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because this District is the district in which Plaintiff and at least one of the Defendants reside and a district in which a substantial part of the events or omissions giving rise to the claims occurred.

11.     At all times relevant, Defendants conducted business through interstate commerce such that they are covered by the Fair Labor Standards Act.

## III.  PARTIES

### *Plaintiff*

12.     Plaintiff is an individual residing in California who was directly or jointly employed by Defendants as a seamstress in Richmond, California, in Contra Costa County.  Although she was actually a non-exempt employee, for the first approximately twenty years that Plaintiff worked for Defendants, she was miscategorized as an "independent contractor".  In reality, Defendants treated Plaintiff and other non-exempt employees as independent contractors in name only, for the sole purpose of avoiding compliance with labor laws.  Around the year 2018, Defendants began

CLASS ACTION COMPLAINT                          *Case No.:*

compensating Plaintiff for some of her hours as an "independent contractor," and for other hours as an employee, despite the fact that the job duties were the same regardless of how Plaintiff was paid.  Plaintiff was employed by Defendants within all times relevant and was denied proper compensation for all hours worked, proper rest and meal breaks, and reimbursement for necessary business expenditures. Plaintiff has suffered injury in fact and loss of property as a result of Defendants' conduct described in this Complaint.

13.     Plaintiff and the employees whom Plaintiff seeks to represent were regularly subjected to, or had personal knowledge of, the violations described in this Complaint.

### *Defendants*

14.     The following allegations as to Defendants are made on information and belief, and are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

15.     At all times relevant, Best-Line, Inc., a California corporation, conducted business in Contra Costa County.  Best-Line, Inc. was registered with the Secretary of State in 1999 and is owned by Jill Schaffer.  It specializes in making window coverings such as blinds and drapes, as well as other home textiles.  According to the California Business Portal, Best-Line, Inc. is currently suspended by the Franchise Tax Board.  Best-Line, Inc. is the name that appears on Plaintiff's paychecks.  At all times relevant, Best-Line, Inc. owned, controlled, or operated a business or establishment that employed persons, operated as a direct or joint employer of Class members in this case, and committed in California and in this District the acts and/or caused the violations complained of herein.

16.     At all times relevant, Best-Line Shades, Inc., a California corporation, conducted business in Contra Costa County.  Best-Line, Inc. was registered with the Secretary of State in 2016.  As in the case of Best-Line, Inc., Best Line Shades, Inc. is owned by Jill Schaffer, and both corporations are located at the same address.  The purpose and function of Best Line Shades, Inc., as well as its relationship with Best-Line, Inc. are unclear.  According to the California Business Portal, Best-Line Shades, Inc. is currently suspended by the Secretary of State.  On information

1    and belief, at all times relevant, Best-Line, Inc. owned, controlled, or operated a business or

2    establishment that employed persons, operated as a direct or joint employer of Class members in

3    this case, and committed in California and in this District the acts and/or caused the violations

4    complained of herein.

5        17.    Jill Schaffer, an individual, is, on information and belief, an owner, manager, and

6    president of Best-Line, Inc. And Best-Line Shades, Inc. (collectively, "Best-Line").  On

7    information and belief, Schaffer controls and has caused the violations at issue here either by

8    making illegal policies, implementing illegal policies, or failing to correct illegal policies.  On

9    information and belief, along with Best-Line, Defendant Schaffer caused all violations described

10   herein.  Schaffer exercised ultimate control over policies involving compensation and hours and

11   acting as an alter-ego of Best-Line, either (a) knowingly authorized the unlawful practices; or (b)

12   with knowledge of unlawful practices did nothing to stop them, instead ratifying them.

13       18.    Defendants are employers or joint employers of Plaintiff and the class.

14       19.    Plaintiff are informed and believe, and based thereon allege, that each Defendant

15   acted in all respects pertinent to this action as the agent of the other Defendants including Does,

16   carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of

17   each Defendant are legally attributable to the other Defendants.  "Defendants" herein means each
of the defendants as well as all of them.

### IV.  FACTUAL BACKGROUND

    20.    This is a Class Action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule

23 and a Collective action pursuant to FSLA, 29 U.S.C. §216(b), to vindicate the rights afforded

the class by the FLSA, California Labor Code, and California Business and Professions Code §§

17200 et seq.  This action is brought on behalf of Plaintiff and members of the Plaintiff Class

comprising all non-exempt employees employed, or formerly employed, by each of the Defendants

within the State of California.  The action seeks recovery for wages, compensation, and other relief

due and owing to Plaintiff, Class members, and the State of California, under federal and

California laws for the maximum period allowed to the present (the "Class Period"), all as set out

4

below.

21.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that has systematically deprived employees of lawfully earned wages.  Defendants engaged in the unlawful practices and policies alleged in this complaint.  The following paragraphs detail specific violations of law comprising the wage-related claims applicable to employees that Plaintiff seeks to represent on a class basis.

22.     For at least four years prior to the filing of this action and through to the present, Defendants and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around Defendants' hourly system of compensation, their meal and rest break practices, their practices around indemnification of expenditure by employees, and their record-keeping procedures.

23.     Defendants fail to compensate for all "hours worked" (within the meaning of the Wage Orders) and fail to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated at minimum or agreed upon rates, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, "off-the-clock" work, and uncompensated or undercompensated work during statutory rest breaks.  By their conduct, Defendants make clear that they are intentionally and maliciously subverting federal and California minimum and overtime wage requirements, resulting in loss of property Plaintiff and the Class as a result of Defendants' payroll policies.

24.     Under the meal period policies, Defendants failed to provide employees: (a) at least one (1) meal period prior to the fifth hour and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, and/or (c) timely meal periods.  Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete and/or untimely meal periods.

25.     Under the rest break policies, Defendants failed to provide employees: (a) at least

CLASS ACTION COMPLAINT                                    *Case No.:*

two (2) rest breaks for shifts greater than six hours, and/or three (3) rest breaks for shifts greater than ten hours, and (b) net ten-minute rest breaks. Further, Defendants' policy is to not pay the premium wages owed to workers for missed, incomplete, and/or untimely rest breaks.

26.     Under the record-keeping policies, Defendants willfully provided inaccurate itemized wage statements that do not reflect all "hours worked" and wages earned. Defendants also failed to maintain accurate time-keeping records.  Employees are permitted or suffered to arrive earlier than their scheduled start time to work, but on information and belief, employee start time is rounded to the scheduled start time regardless of how much earlier than that employees actually arrive.  When employees arrive six minutes late or more, employee start time is rounded to 15 minutes after the scheduled start time.

27.     Defendants failed to provide equipment necessary for employees to discharge their employment duties.  For example, scissors and irons are necessary for many employees to discharge their employment duties, and there are some scissors and irons available on the premises, but they are not maintained or replaced such that employees can have properly functioning scissors or irons when needed.

28. Additionally, Defendants have refused to provide hand soap in bathrooms used by employees, which is necessary in order to keep employees' bodies and Best-Line products in a sanitary condition. Hence, employees were obligated to purchase said necessary equipment, such as scissors, irons, and soap, without receiving reimbursement from Defendants.

29.     Defendants retaliated against Plaintiff for participating in a protected activity. Namely, when Plaintiff requested her payroll and personnel records as is her right pursuant to Labor Code §§ 226 and 1174, Defendants terminated her employment, citing the records request as the reason.  Although she has since been reinstated, Plaintiff suffered economic and emotional harm for the two days that she was suddenly without employment after two decades of working for Defendants.

30.     On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, and intentionally refused to rectify their unlawful policies.

6

31.     Defendants' failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest periods and paid rest periods, failure to pay premium meal and rest period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination, failure to reimburse employees for out-of-pocket expenses, in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

32.     Plaintiff, on behalf of herself and Class Members, bring this action pursuant to California Labor Code §§ 201, 202, 203, 204, 205.5, 210, 214, 216, 218, 218.5, 218.6, 221, 226, 226.3, 226.7, 256, 512, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1199, 2802, and Business & Professions Code §§ 17200 *et seq.* seeking unpaid and underpaid wages, premium wages, statutory penalties, liquidated damages, declaratory, injunctive and other equitable relief, reasonable attorneys' fees and costs of suit, interest, injunctive relief, declaratory relief, restitution, and disgorgement of all profits or benefits retained by Defendants as a result of their failure to comply with the above laws.

33.     Plaintiff also brings this action on an individual basis for retaliation for participating in a protected activity under Labor Code § 98.6.  Accordingly, she seeks declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

34.     Plaintiff, on behalf of herself and all Class Members, pursuant to FLSA, 29 U.S.C. §§ 201, et seq., seeks declaratory relief, statutory damages, actual damages, interest, and injunctive relief.

35.     On information and belief, Defendants were on notice of the improprieties alleged herein by their employees, Plaintiff and the Class she seeks to represent, and intentionally refused to rectify their unlawful policies.

36.     Defendants' failure to compensate non-exempt employees for all "hours worked," failure to authorize and permit requisite meal and rest periods and paid rest periods, failure to pay premium meal and rest period wages, failure to pay for all hours worked at the regular rate or required overtime premium rate, and failure to pay wages at termination, failure to reimburse

CLASS ACTION COMPLAINT                                    *Case No.:*

employees for out-of-pocket expenses, in addition to the other violations alleged above, during all relevant times herein was intentional, willful, and deliberate.

37.     Defendants have made it difficult to account with precision for the unlawfully withheld wages due to Defendants' non-exempt employees, including Plaintiff, during all relevant times herein, because they have not implemented an adequate record-keeping method to record all hours worked and wages earned by their employees as required for non-exempt employees by California Labor Code §§ 226 and 1174(d).

38.     Defendants have failed to comply with California Labor Code § 226(a) by failing to accurately report total hours worked by Plaintiff and the members of the proposed class.  Plaintiff and Class Members are therefore entitled to statutory penalties not to exceed $4,000 for each employee pursuant to Labor Code § 226(e).

## V.   CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiff seeks to represent the following Class, composed of, and defined, as follows:

> **BEST-LINE CLASS:** All non-exempt persons who are or have been employed by Defendants in the State of California at any time within four (4) years of the filing of the Initial Complaint in this action.

40.     Plaintiff may amend the above class definitions as permitted or required by this Court.  This action has been brought and may properly be maintained as a class action under the provisions of Rule 23 Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

41.     Plaintiff also seeks to represent the following opt-in FLSA Collective:

> **BEST-LINE FLSA COLLECTIVE:** All non-exempt persons who are or have been employed by Defendants in the State of California within three

CLASS ACTION COMPLAINT                                    *Case No.:*

(3) years of the filing of this Complaint through the date of final disposition of this action.

### A.  Numerosity

42.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believe that Defendants have employed over fifty employees in the State of California who are, or have been, affected by Defendants' unlawful practices as alleged herein and may have several hundred over the class period.

43.     Upon information and belief, Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

### B.  Commonality

44.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

    a.   Whether Defendants violated the rights of Class Members to receive proper overtime wages for all hours worked;

    b.   Whether Defendants calculated overtime using the correct regular rate;

    c.   Whether Defendants violated the California Labor Code and applicable Wage Orders by enforcing a policy or practice of not maintaining accurate records of overtime pay;

    d.   Whether Defendants violated the California Labor Code and applicable Wage Orders by enforcing a policy or practice of denying compensation for all hours worked at agreed-upon rates;

    e.   Whether Defendants violated the minimum wage by enforcing a policy or practice of denying compensation for all hours worked;

    f.   Whether Defendants violated California Labor Code section 226 and the

9

applicable Wage Orders by maintaining a policy or practice of failing to state accurately the total hours worked, the overtime hours, the applicable rates of pay, and the gross pay and net pay in employee wage statements;

g.  Whether Defendants violated the California Labor Code and applicable Wage Orders by failing to maintain accurate time records or wrongfully editing time records;

h.  Whether Defendants violated the California Labor Code by failing to pay all wages owed at termination;

i.  Whether Defendants violated the California Labor Code by enforcing a policy or practice of refusing to indemnify non-exempt employees for necessary business expenses;

j.  Whether Defendants violated Sections 17200, et seq. of the Business and Professions Code by the actions alleged in this complaint;

k.  Whether Plaintiff and other Class Members are entitled to damages, restitution, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, and Business and Professions Code §§ 17200, et seq.

**C.  Typicality**

45.     The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff and all members of the Class's sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of Federal and California laws, regulations, and statutes as alleged herein.

46.     With the exception of the tenth cause of action, which is Plaintiff's individual claim for retaliation and which is not part of the class action, there are no individualized factual or legal issues for the court to resolve other than the application of a formula to calculate each Class Members' damages.

CLASS ACTION COMPLAINT                                        *Case No.:*

**D.  Adequacy of Representation**

47.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

**E.  Superiority of Class Action**

48.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class Members for all wages earned and engaging in the unlawful practices herein alleged, and denying Class Members rest and meal periods without legal compensation.

49.     Class action treatment will allow similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  It is unlikely that individual class members have any interest in individually controlling separate actions in this case.  Class members' lack of knowledge of the legal system and limited economic resources would deprive most class members of the practical opportunity to pursue their claims were this class action not certified.

50.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action.  Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

CLASS ACTION COMPLAINT                                   *Case No.:*

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF FLSA

VIOLATION OF THE FAIR LABOR STANDARDS ACT

(29 U.S.C. §§ 207 AND 255(A))

### FAILURE TO PAY OVERTIME WAGES

(PLAINTIFF AGAINST ALL DEFENDANTS)

51.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

52.     At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

53.     Defendants are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

54.     Defendants routinely required and/or suffered or permitted Plaintiff and similarly situated workers to work more than 40 hours per week, and through their practice of illegally rounding down hours worked, and suffering or permitting employees to work "off-the-clock" failed to pay the lawful amount of overtime premium for hours worked in excess of 40 hours per week.

55.     In failing to pay Plaintiff and similarly situated workers, overtime wages at one-and-one-half times their regular rate of pay, Defendants willfully violated the FLSA.

56.     As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and similarly situated workers incurred general damages in the form of lost overtime wages in an amount to be proven at trial.

57.     Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff and similarly situated workers and similarly situated workers their proper wages, and thus Defendants are liable to Plaintiff and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a)

12

of the FLSA.  Plaintiff, including Opt-In Consenters and similarly situated workers, were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.  As a result, Defendants are liable for all legally available remedies including those aforementioned in this complaint.

58.     Wherefore, Plaintiff and the Class requests relief as described herein and below.

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PAY FOR ALL HOURS WORKED AT CONTRACTUAL RATES**

**(CAL. LABOR CODE §§ 204, 218.5, 223, 1194, AND WAGE ORDERS)**

**(PLAINTIFF AGAINST ALL DEFENDANTS)**

59.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

60.      California Labor Code section 223 requires an employer to pay an employee the wage designated by contract, and California law requires payment of all wages due for "all hours worked."

61.     Pursuant to California Labor Code section 223, it is unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

62.     Plaintiff and, on information and belief, some Class Members are entitled to wages at rates designated by contract and statute that exceed the California minimum wage.

63.     Defendants have breached their agreement and refused to compensate Plaintiff and, on information and belief, some Class Members, at the required wage rates, in violation of the California Labor Code and applicable Wage Orders, including section 223 of the California Labor Code.  By failing to pay wages at the required rate on at least a weekly basis, Defendants have also violated Labor Code section 204 by failing to pay all earned wages in a timely manner.

64.     Plaintiff brings this cause of action under Labor Code section 218.5, authorizing a private right of action for the nonpayment of wages.

65.     Defendants have the ability to pay wages at the required rates for all "hours worked," but have willfully refused to pay such wages with the intent to secure a discount upon

CLASS ACTION COMPLAINT                                          *Case No.:*

their indebtedness to Plaintiff and the class, as well as to annoy, harass, oppress, hinder, delay or defraud Plaintiff and the Class. Defendants have secretly paid Plaintiff and the Class a lower wage while purporting to pay the wage designated by statute, in violation of Labor Code § 223. Defendants are therefore guilty of a misdemeanor, pursuant to Labor Code § 225, and are liable for penalties pursuant to Labor Code§ 225.5.

66.      Wherefore, Plaintiff and the Class requests relief as described herein and below.

### THIRD CLAIM FOR RELIEF

### FAILURE TO PAY MINIMUM WAGES

### (CAL. LABOR CODE §§1194, 1194.2, 510, 1197, AND WAGE ORDERS)

### (PLAINTIFF AGAINST ALL DEFENDANTS)

67.      Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

68.      California Labor Code §1197, entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

69.      The applicable minimum wages fixed by the commission for work is $9.00 effective July 1, 2014, $10.00 effective January 1, 2016, $10.50 effective January 1, 2017, $11.00 effective January 1, 2018, and $12.00 effective January 1, 2017.

70.      Defendants failed to pay Plaintiff and the Class for all "hours worked" at the minimum or written agreed upon wage rate.  For example, Defendants maintained a pay policy whereby Plaintiff and the Class were required or knowingly permitted to perform numerous work activities that were uncompensated.

71.      At all relevant times, Plaintiff and the Class were subject to Defendants' control during time that was uncompensated. In particular, time records were either not recorded correctly or altered to eliminate worked time from timekeeping so as to avoid paying for all hours worked.

72.      As a result of Defendants' violations of the minimum wage, by failing to record and pay minimum wage for all hours worked, Defendants violated California Labor Code § 226(a),

14

inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues as described above.

73.     Defendants have the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiff and the Class for all hours worked, and intending to annoy harass, oppress, hinder delay or defraud Plaintiff and the Class, in violation of California Labor Code § 226.6.

74.     California Labor Code § 226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.  That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

75.     Defendants' violation of § 226 also constitutes a misdemeanor, pursuant to §226.6, and a predicate violation of California Business & Profession Code §§ 17200 *et seq.*

76.     The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

77.     As such, Plaintiff and the Class may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

78.     As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.  California Labor Code § 1194.2 states:

> In any action under Section 1194 … to recover wages because of the
> payment of a wage less than the minimum wages fixed by an order of the

15

commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

79.     As described herein, this is an action under California Labor Code § 1194 to recover wages on account of Defendants' failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including Wage Orders. Therefore, Plaintiff and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.     Wherefore, Plaintiff and the Class request relief as described herein and below.

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO PAY OVERTIME PREMIUM WAGES**

(CAL. LABOR CODE §§510, 1194, 1194.2, AND WAGE ORDERS)

(PLAINTIFF AGAINST ALL DEFENDANTS)

81.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

82.     California Labor Code § 510 states:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

83.     The identical provision is found in the applicable IWC Wage Orders, which are authorized under California Labor Code § 1185.

84.     California Labor Code § 500 defines, "workday" and "day" to mean any consecutive 24-hour period commencing at the same time each calendar day, and defines "workweek" and "week" to mean "any seven consecutive days starting with the same calendar day each week."

85.     Defendants failed to follow California's formula for computing the regular rate of

16

pay for purposes of calculating overtime and doubletime.  Defendants also refused to pay for all hours worked and failed to compensate at the agreed upon and statutory rates, rendering Defendants' overtime computations unlawful.

86.     Plaintiff and, on information and belief, other current or former employees are entitled to wages at the applicable premium rate as a result of Defendants' practice of not compensating them at the required premium rate, as well as for failing to compensate them for all "hours worked."

87.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of Defendants' failure to pay overtime wages as described in California Labor Code §§ 510, 1194(a), 1194.2 and any applicable Wage Orders.  Therefore, Plaintiff and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon, plus reasonable attorneys' fees and costs of suit.

88.     Wherefore, Plaintiff and the Class request relief as described herein and below.

## FIFTH CLAIM FOR RELIEF

## KNOWING AND INTENTIONAL FAILURE TO COMPLY

## WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS

### (CAL. LABOR CODE §§226(B), 1174, 1175)

### (PLAINTIFF AGAINST ALL DEFENDANTS)

89.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

90.     California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

(1) gross wages earned, (2) total hours worked by the employee, . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . .(5) net wages earned, . . .

91.     Plaintiff and, on information and belief, other current or former employees were not

17

provided "accurate itemized statements" within the meaning of California Labor Code § 226, because of the violations described in this complaint.  For example, the wage statements provided by Defendants falsely understated the wages earned due to the failure to pay at the correct rates of pay and the failure to pay for all hours worked and for rest and meal period premiums; falsely stated the total hours worked due to Defendants' failure to maintain accurate time records; and falsely stated the applicable hourly rates, due to the failure to compensate at the applicable rates and to track all hours worked.

92.     California Labor Code §§ 226(e) and (g) provide for the remedy for the violations described above:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

> (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

93.     In addition, Section 1174(d) of the California Labor Code, and Section 7 of the applicable Wage Orders, require Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees.  Defendants have created a uniform practice of knowingly and intentionally failing to fully comply with Labor Code § 1174.  Defendants', and each of their, failure to comply with Labor Code § 1174 is unlawful pursuant to Labor Code § 1175.  When an employer fails to keep such records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721.

94.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and Class Members and are entitled up to $4,000.00 per Class Member.

95.     Wherefore, Plaintiff and the Class request relief as described herein and below.

**SIXTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**

(CAL. LABOR CODE §§226.7, 512, AND WAGE ORDERS)

(PLAINTIFF AGAINST ALL DEFENDANTS)

96.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

97.     Plaintiff alleges that the Class Members were not provided timely, full statutory thirty (30) minute meal periods while in the employ of Defendants.

98.     California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

99.     Similar wording is found in the applicable Wage Orders.

100.    Employees are entitled to at least one meal period for shifts between 5 and 10 hours, and two meal periods for shifts greater than 10 hours. For normal shifts the first meal period must occur before the fifth (5th) hour, and the second meal period before the tenth (10th) hour, unless other factors render such schedule impracticable.

101.    Defendants violated the applicable Wage Order and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of meal periods, failing to schedule meal periods timely, failing to authorize and permit net thirty (30) minute meal periods, and failing to pay additional meal period wages. On information and belief, it was not impracticable for Defendants to schedule meal periods appropriately.

102.    Plaintiff and, on information and belief, other Class Members, worked more than five hours from the start of the shift without a duty-free meal period of no less than 30 minutes. Defendants do not provide Plaintiff and, on information and belief, Class Members, with a second

meal period for shifts greater than 10 or 12 hours.

103.     Although meal periods are not accurately recorded or properly scheduled, Defendants automatically deduct 30 minutes from the pay of Plaintiff and Class Members for purported meal periods that do not take place, are interrupted, are taken while "on duty," or are fewer than 30 minutes long. Defendants' failure to maintain accurate time records shifts the burden of proof to Defendants.

104.     On information and belief, Plaintiff and Class Members did not voluntarily or willfully waive meal periods.  Any express or implied waivers obtained from Plaintiff and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or part of a contract of an unlawful adhesion.  On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiff and Class Members to take meal periods, which forced Plaintiff and Class Members to work up to 10 hours without access to food or seating.

105.     By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the California Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff and Class Members.

106.     As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

107.     Wherefore, Plaintiff and the Class request relief as described herein and below.

CLASS ACTION COMPLAINT                              *Case No.:*

**SEVENTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE PROPER TIMELY PAID REST PERIODS OR**

**COMPENSATION IN LIEU THEREOF**

(CAL. LABOR CODE §§226.7, 512, AND WAGE ORDERS 8)

(PLAINTIFF AGAINST ALL DEFENDANTS)

108.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

109.    Plaintiff alleges that Class Members were not provided full statutory ten-minute rest periods while in the employ of Defendants.

110.    California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

111.    The applicable IWC Wage Orders state in regard to rest breaks:

(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours.   Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

A similar provision is contained in Labor Code § 512.

112.    Employees are entitled to at least one rest break for shifts from 3.5 to 6 hours, two rest breaks for shifts greater than 6 hours up to 10 hours, and three rest breaks for shifts greater

21

than 10 hours. For normal shifts the first rest break must occur before the meal break and the second rest break after the meal break, unless other factors render such schedule impracticable.

113.    Defendants violated the applicable Wage Orders and California Labor Code § 226.7 by failing to authorize and permit the appropriate number of rest breaks, failing to provide net ten minute rest breaks, failing to schedule rest breaks timely, failing to authorize and permit paid rest breaks and failing to pay additional rest break wages, and discouraging and preventing employees from taking rest breaks.

114.    On information and belief, it was not impracticable for Defendants to schedule rest breaks appropriately.

115.    On information and belief, Plaintiff and the Class did not voluntarily or willfully waive rest periods.  Any express or implied waivers obtained from Plaintiff and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were part of a contract of an unlawful adhesion.

116.    On information and belief, during the meal and rest period liability period, Defendants did not permit or authorize Plaintiff and Class Members to take proper timely paid rest periods.

117.    By failing to keep adequate time records required by §§ 226(a) and 1174(d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest period compensation due Plaintiff and Class Members.

118.    As a result of the unlawful acts of Defendants' actions, Plaintiff and Class Members have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§ 203, 226, 226.7, and 1194.

119.    Wherefore, Plaintiff and the Class request relief as described herein and below.

CLASS ACTION COMPLAINT                                    *Case No.:*

**EIGHTH CLAIM FOR RELIEF**

**FAILURE TO REIMBURSE ALL BUSINESS EXPENSES;**

(CAL. LABOR CODE §2802)

(PLAINTIFF AGAINST ALL DEFENDANTS)

120.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

121.    California Labor Code § 2802 provides, in pertinent part:

> "[a]n employer shall indemnify his or her employee for all necessary
> expenditures or losses incurred by the employee in direct consequence of
> the discharge of his or her duties, or of his or her obedience to the
> directions of the employer, even though unlawful. [. . .] For purposes of
> this section, the term 'necessary expenditures or losses' shall include all
> reasonable costs, including, but not limited to, attorney's fees incurred by
> the employee enforcing the rights granted by this section."

122.    Defendants failed to provide to Plaintiff and the Class she seeks to represent with all supplies that were necessary to perform their duties as directed by Defendants and further failed to indemnify Plaintiff and the Class for all necessary expenditures and losses incurred by Plaintiff and the Class for the benefit of Defendants and to their detriment. As a result, many Class members were required to supply all their own scissors, irons, hand soap, and other items. Defendants did not reimburse Plaintiff and the Class for said expenses.

123.    By requiring Plaintiff and Class Members to incur business expenses in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction without fully reimbursing or indemnifying employees for these expenses, Defendants have violated Labor Code § 2802.

124.    As a direct and proximate result of Defendants' unlawful practices and policies, Plaintiff and Class Members have suffered monetary losses, and are entitled to restitution of all expenses incurred in the performance of their work duties, interest thereon, reasonable attorneys' fees and costs, and all applicable statutory penalties available for the Defendants' violations of Labor Code § 2802.

125.    Defendants and their managers have willfully failed to reimburse Plaintiff and Class

CLASS ACTION COMPLAINT                              *Case No.:*

Members for all business expenses.  Plaintiff and Class Members are entitled to reimbursement of such expenses pursuant to Section 2802, interest, attorneys fees, and costs.

126.     Plaintiff, on behalf of herself and the proposed Class, request reimbursement and/or indemnification for their required business expenses as stated herein, and other relief as described below.

**NINTH CLAIM FOR RELIEF**

**FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION**

(CAL. LABOR CODE §§201, 202, 203)

(PLAINTIFF AGAINST ALL DEFENDANTS)

127.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

128.     California Labor Code Section 201 states:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately…

129.     California Labor Code Section 202(a) states:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. . . .

130.     As described above, Defendants failed to timely pay Plaintiff and the Class Members all of their wages due for work performed and this failure continued through the time in which Plaintiff and Class Members quit or were discharged from their employment with Defendants.  As a result, Defendants have violated California Labor Codes §§ 201 and 202.

131.     California Labor Code § 203 states:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any

24

penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

132.     The statute of limitations for an action for the wages at issue is four years pursuant to California Business and Professions Code § 17200.  Defendants violated California Labor Code §§ 201 and 202 by failing to pay employees who quit or were discharged all of the wages due pursuant to the timelines provided in those sections.

133.     Defendants willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental.  As a result, all discharged Class Members are entitled to thirty (30) days' wages including overtime.

134.     Plaintiff and the Class she seeks to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for unprovided rest periods and unprovided meal periods, and compensation for work done "off the clock" and/or at hourly rates below the minimum wage, and other owed wages but to date have not received such compensation therefore entitling them to Labor Code § 203 penalties.

135.     On information and belief, more than thirty (30) days have passed since several Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code § 203.

136.     As a consequence of Defendants' willful conduct in not paying all earned wages, certain Class Members who are no longer employed by Defendants are entitled to thirty (30) days' wages as a penalty under Labor Code § 203 for failure to pay legal wages, together with interest thereon and attorneys' fees and costs.

137.     Wherefore, Plaintiff and the Class request relief as described herein and below.

CLASS ACTION COMPLAINT                                    *Case No.:*

# TENTH CLAIM FOR RELIEF

## RETALIATION FOR PARTICIPATING IN A PROTECTED ACTIVITY

### (CAL. LABOR CODE §98.6)

(PLAINTIFF AGAINST ALL DEFENDANTS)

138.    Plaintiff hereby incorporates by reference each and every allegation contained above in this complaint as though fully set forth herein.

139.    California Labor Code § 98.6 provides that:

(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant [...] made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

...

(b)(3) In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation.

140.    In violation of the Labor Code, Defendants took adverse actions against Plaintiff because of her protected activity of requesting her payroll and personnel records, to which she is entitled pursuant to California Labor Code §§ 226, 432, and 1198.5.

141.    Upon receiving Plaintiff's lawful request for her payroll and personnel records, Defendants terminated Plaintiff's employment, explicitly citing the records request as the reason for her termination.

142.    Upon intervention from Plaintiff's counsel, Plaintiff has been reinstated, but has suffered economic and emotional harm for the two days that she was suddenly without employment after two decades of working for Defendants.

143.    Wherefore, Plaintiff requests relief as hereinafter provided.

CLASS ACTION COMPLAINT                                  *Case No.:*

**ELEVENTH CLAIM FOR RELIEF**

**VIOLATION OF UNFAIR COMPETITION LAW**

(CAL. BUS. & PROF. CODE §§17200 *ET SEQ.*)

(PLAINTIFF AGAINST ALL DEFENDANTS)

144. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

145. As described above, Defendants have violated the following California laws and all others referred to implicitly or expressly in this complaint:

    a.  violation of California Labor Code § 201 (relating to the failure to pay wages upon discharge);

    b.  violation of California Labor Code § 202 (relating to the failure to pay wages upon quitting);

    c.  violation of California Labor Code § 203 (relating to the failure to pay wages upon termination of employment);

    d.  violation of California Labor Code § 205.5 (relating to the failure to pay all wages owing twice during each calendar month);

    e.  violation of California Labor Code § 206 (relating to the failure to pay uncontested wages);

    f.  violation of California Labor Code § 226 (relating to providing correct wage statements and keeping correct records);

    g.  violation of California Labor Code § 226.7 (relating to proper compliance with rest and meal period requirements and the failure to pay premium wages when the rest and meal break requirements are not met);

    h.  violation of California Labor Code § 510 (relating to the failure to compensate at the regular rate "all hours worked," and at the rate of no less than one and one-half times the regular rate of pay for all work in excess of ten hours in one workday and any work in excess of 60 hours in any workweek);

27

        *Case No.:*

i.   violation of California Labor Code § 1194 (relating to failure to pay minimum and/or overtime wages for all hours worked);

j.   violation of California Labor Code § 1194.2 (relating to liquidated damages for failure to pay minimum wages for all hour worked);

k.   violation of California Labor Code § 1197 (relating to failure to pay at least the minimum wage for all hours worked);

l.   violation of California Labor Code § 2802 (relating to failure to reimburse and indemnify workers for out-of-pocket expenses); and

m.   Violation of California Business & Professions Code §§ 17200 *et seq.* (continuing to operate and conduct business while suspended by the Federal Trade Commission and/or the Secretary of State, in violation of California Revenue and Taxation Code § 23301 *et seq.*)

146.   Defendants' activities also constitute unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.*, because Defendants' practices violate the above noted laws, and/or violate an established public policy and/or the practice is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff, the public, and the Class.

147.   Plaintiff and Class Members are entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

148.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff, and the Class.  Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff and the members of the Class the wrongfully withheld wages pursuant to Business and Professions Code § 17203.

149.   Plaintiff is informed and believes, and thereon alleges, that Defendants are unjustly enriched through their requiring employees to suffer Defendants' failure to pay legal wages, and/or

28

other compensation for untimely and/or incomplete meal periods, and compensation for unprovided, untimely, and/or unpaid rest periods to Plaintiff and members of the Class. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the Class are prejudiced by Defendants' unfair trade practices.

150.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff and Class Members as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

151.    Plaintiff is informed and believes, and thereon allege, that Defendants have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and deceptive business practices as alleged throughout this Complaint. Plaintiff is and has been prejudiced by Defendants' unfair trade practices.

152.    Plaintiff further request that the Court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiff and the Class she seeks to represent to work "off the clock" without compensation, prohibiting other wrongful conduct which is the subject of this Complaint and which may later be discovered in the course of litigation, and prohibiting Defendants from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

153.    Wherefore, Plaintiff and the Class request relief as described herein and below.

## VII.  **PRAYER**

Wherefore, Plaintiff and the Class pray for judgment as follows:

A.      That the Court determine that this action may be maintained as a class action or actions;

B.      That the Court determine that this action may be maintained as a FLSA collective action or actions;

CLASS ACTION COMPLAINT                                    *Case No.:*

C.   For compensatory damages including wages and overtime wages in an amount according to proof with interest thereon;

D.   For a declaratory judgment that each of the Defendants violated Plaintiff's, the Class's, and the FLSA Collective's rights under FLSA, 29 U.S.C. § 201 et seq., the California Labor Code, and applicable IWC Wage Orders as set forth in the preceding paragraphs;

E.   Award Plaintiff and each proposed Class Member statutory damages or, in the alternative, actual and liquidated damages for Defendants' violations of FLSA;

F.   That Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 et seq.;

G.   That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

H.   That Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

I.   For declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the FLSA;

J.   That Defendants be enjoined from further acts of restraint of trade or unfair competition;

K.   For premium wages pursuant to California Labor Code §§ 226, 226.7 and 510;

L.   For unpaid wages, liquated damages in an amount equal to the wages unlawfully unpaid, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

M.   For unpaid wages pursuant to California Labor Code § 1194 and liquidated damages pursuant to Labor Code §1194.2;

N.   For an order imposing all statutory and/or civil penalties provided by law, including

CLASS ACTION COMPLAINT                                                    *Case No.:*

but not limited to, penalties under California Labor Code §§ 98.6, 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2802, relating to all facts alleged in the complaint;

O.    An award to Plaintiff and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of Civil Procedure § 1021.5, California Labor Code §§218.5, 218.6, 226, 1194, 2699(g), and/or other applicable law;

P.    For all other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;

Q.    For such other and further relief as the Court deems just and proper.

R.    Injunctive relief;

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Respectfully submitted,


Dated:  November 5, 2019            **MALLISON & MARTINEZ**



By:   /s/ Hector Martinez

Hector R. Martinez
Attorneys for Plaintiff