STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
LEANNA M. SAC (Bar No. 327353)
  LMSac@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff and a class of similarly situated employees.

LEIANN LAIKS (SB 218404)
  leiann@fusionlegalsf.com
FUSION LEGAL, P.C.
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone: (415) 625-3953
Attorneys for Defendants

///

///

///

///

///

///

///

///

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES VALENZUELA, an individual, on behalf of herself, all other similarly situated individuals, and other current or former employees,<br><br>Plaintiff,<br><br>vs.<br><br>BEST-LINE SHADES, INC., a California Corporation; BEST-LINE, INC., a California Corporation; JILL SCHAFFER, an individual, and DOES 1 through 20,<br><br>Defendants. | Case No. 19-cv-07293-JSC<br><br>Hon. Jacqueline Scott Corley<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>Date: February 6, 2020<br>Time: 1:30 p.m. |

Pursuant to the Court's Order Requiring Federal Rule of Civil Procedure (FRCP) 26(f) Report and Joint Case Management Statement (Doc. 3), and Northern District Local Rule 16-9, Plaintiff DOLORES VALENZUELA ("Plaintiff"), and Defendant JILL SCHAFFER ("Schaffer") submit this Joint Rule 26(f) Report and Case Management Statement.

Defendants BEST-LINE SHADES, INC. and BEST-LINE, INC.("Best-Line"), both California corporations, are currently SOS Suspended and FTB Suspended, respectively. A suspended corporation may not prosecute or defend an action in a California court. (*Ransome-Crummey Co. v. Superior Court*, 54 Cal. App. 4th 1366 (1922); *Alhambra-Shumway Mines, Inc. v. Alhambra Gold Mine Corp.*, 155 Cal. App. 2d 46, 50-51 (1957). The capacity of a corporate litigant to sue or be sued in a federal court is controlled by Federal Rule of Civil Procedure 17, which provides that the capacity of a corporation to sue is determined "by the law under which it was

organized." Fed. R. Civ. P. 17(b)(2); *see also Hills Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 584 (9th Cir. 1993). Therefore, Best-Line cannot participate in the present action, including this Joint Rule 26(f) Report and Case Management Statement, until they are reinstated. Best-Line will take steps to revive both of the suspended business entities.

## A. STATUTORY BASIS FOR JURISDICTION & SERVICE

On November 5, 2019, Plaintiff filed this wage and hour class action and Federal Labor Standards Act (FLSA) collective action against Schaffer and Best-Line (collectively "Defendants") in the California Superior Court of California, County of Alameda. All parties in this matter have been served. Service on Defendants was accomplished on November 20, 2019.

Defendants' answer was due on December 11, 2019. However, Defendants requested extensions from Plaintiff three times, and all three requests were granted. The first extension was until December 20, 2019. The second was until January 10, 2020. Plaintiff has informed Defendants that she intends to file an amended complaint on or soon after February 6, 2020, once Plaintiff's 65-day period after filing her Private Attorneys General Act (PAGA) notice with the California Labor and Workforce Development Agency (LWDA) elapses. Plaintiff agreed that Defendants may file a responsive pleading once the amended complaint is filed.

The parties have met and conferred about the case, as well as about options for alternative dispute resolution.

## B. SUMMARY OF FACTUAL AND LEGAL CONTENTIONS

### Plaintiff's Contentions

Plaintiff filed this putative wage-and-hour class action on behalf of herself and seeking to represent a proposed class of all individuals who have been employed by Defendants in California at any time since November 5, 2015. Plaintiff and the class of individuals she seeks to represent under (FRCP) 23, are current or former non-

exempt employees of Defendants in California. Plaintiff alleges that the putative class manufactured window coverings such as blinds and drapes, as well as other home textiles for Defendants, and were subjected to unlawful labor and payroll policies.

Plaintiff alleges that Defendants violated various state and federal wage and hour laws. Specifically, Plaintiff alleges that Defendants: (1) failed to authorize and permit rest periods or to pay premium wages in lieu thereof, in violation of California Labor Code § 226.7 and applicable IWC Wage Orders; (2) failed to provide timely meal breaks or premium wages in lieu thereof in violation of California Labor Code §§ 226.7, 512 and the applicable IWC Wage Orders; (3) violated the overtime laws, California Labor Code §§ 510, 1194, 1194.2; (4) violated the minimum wage laws, California Labor Code §§ 1194(a), 1194.2, and 1197; (5) failed to pay all contractual wages owed in violation of California Labor Code §§ 204, 218.5, 223, and 1194 (6) failed to timely pay wages due at termination in violation of California Labor Code §§ 201, 202 and 203; (7) failed to provide timely, complete, rest periods, and/or provide appropriate compensation in lieu thereof; (8) failed to provide timely, complete, meal periods, and/or provide appropriate compensation in lieu thereof in violation of California Labor Code §§ 226.7 and 512; (9) failed to provide reimbursement for necessary business expenditures in violation of California Labor Code §§ 226.7 and 512; (10) knowingly and intentionally failed to maintain and provide accurate employment records and wage statements in violation of California Labor Code §§ 226(a), 1174 and 1175; (11) violated Business & Professions Code § 17200 *et seq.,* and (12) retaliated against Plaintiff for the protected activity of requesting her personnel and payroll records from her employer.

In addition, in her first amended complaint, Plaintiff will allege two additional violations, which occurred after the filing of the initial complaint: failing to provide personnel records under California Labor Code §§ 1198.5, and failing to provide payroll records under California Labor Code §§ 226.

**Defendants' Contentions**

Defendants contend that Plaintiff's and the purported class claims are factually and legally unsupported. Defendants deny the wage and hour allegations against it, as Plaintiff and the putative class were paid and offered meal and rest breaks in compliance with the California Labor Code. In addition, there is no evidence to support that Defendants retaliated against or terminated Plaintiff. The facts will show that Plaintiff was never fired, that Plaintiff is currently employed and has not suffered any damages.

Defendants will oppose a class certification motion as Plaintiff cannot meet the prerequisites under FRCP 23.

**C.   LEGAL ISSUES**

See Section B, above.

**D.   PRIOR & ANTICIPATED MOTIONS & SCHEDULING OF MOTIONS**

Plaintiff anticipates significant briefing regarding class certification, as well as a motion for summary judgment (or partial summary judgment) and motions in limine. The Parties propose that the Court defer setting a deadline for Plaintiff to move for certification until after discovery practice, to obtain core class timekeeping and payroll documents and policies and practices, is completed, and that the setting of all other pre-trial deadlines be deferred until after the Court rules on Plaintiffs' anticipated class certification motion, which will significantly affect the scope of this lawsuit and any trial.

Plaintiff will move for certification upon completion of sufficient discovery, which the Parties have identified. Plaintiff believes she will require at least twelve (12) months to complete class certification discovery.

Defendants anticipate opposition to the class certification motion, as well as a motion for summary judgment or summary adjudication and motions in limine. Other motions to be determined as litigation continues.

E. **AMENDMENT OF PLEADINGS**

Plaintiff is considering amending her pleading to include a PAGA cause of action, and causes of action under California Labor Code §§ 1198.5 and §§ 226, as described above. In addition, Plaintiff intends to amend her pleading to include one additional plaintiff to the action.

F. **PRESERVATION OF EVIDENCE**

Counsel for the Parties have taken steps to ensure the preservation of all physical and electronic documentary evidence.

G. **DISCLOSURES**

The Parties have agreed to serve initial disclosures after filing this Joint Report and Case Management Statements, on or by February 14, 2020.

H. **ANTICIPATED DISCOVERY & THE SCHEDULING OF DISCOVERY**

   1. **Subjects on Which Discovery May Be Needed, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases or be Limited to or Focused Upon Particular Issues**

The Parties jointly request that the Court defer setting a discovery cutoff until after the Court rules on class certification issues.

**Plaintiff's Statement**

Plaintiff will need discovery on all matters set forth in Plaintiff's Complaint including, but not limited to, the following: the certification and maintenance of a class action; policies and procedures relating to compensation, overtime, rest periods, and meal breaks for putative class action members; relevant data such as the total number of putative class action members, compensation for each class action member, daily and weekly hours worked for each class action member, wage statements for each class action member; timekeeping and payroll records of putative class members, and documents relating to labor, payroll and wage-and-hour practices and policies.

Plaintiff will meet and confer on the issue of Electronically Stored Information (ESI) and will seek production of computer databases containing time, payroll and other information such as email communications. Plaintiff will request production of ESI in native, electronic form and will request production of deleted and back-up data.

As Plaintiff anticipates filing a class certification motion, Plaintiff believes that the discovery obtained in preparation for her class certification motion will also be operative in determining damages and liability at trial, and believe phased discovery is unnecessary in this case.

**Defendants' Statement**

Similar to Plaintiff, Defendants will need discovery on all matters set forth in Plaintiff's Complaint including, but not limited to, the following: information and documents relating to compensation, overtime, rest periods, meal breaks, policies and practices, facts and circumstances surrounding Plaintiff's alleged retaliatory termination.

**2.    Limitations on Discovery**

At this time, the parties do not propose any changes to the discovery limitations set forth in the FRCP. The Parties propose that the Court set a Status Conference thirty (30) days after the Court enters a ruling on Plaintiff's anticipated class certification motion. Plaintiff proposes that the Court schedule deadlines for post-certification discovery at that time.

**3.    Electronic Discovery**

**(a)    Duty to Notify**

Plaintiff will be seeking timekeeping, payroll, and any other electronic databases which contain evidence of time worked. This may include the timekeeping, production, security, or other systems that may indicate the timing of work activities at certain times. Plaintiff may need email or other electronic documents relating to wage and hour policies and practices.

    **(b)   Duty to Meet and Confer**

The Parties are meeting and conferring as needed with respect to questions of case management and the possibility of mediation.

**I.   CLASS ACTIONS**

Plaintiff will move for certification upon completion of sufficient discovery, which the Parties have identified. Plaintiff will need discovery on all matters set forth in Plaintiff's Complaint including, but not limited to, the following: the certification and maintenance of a class action; policies and procedures relating to compensation, overtime, rest periods, and meal breaks for putative class action members; relevant data such as the total number of putative class action members, compensation for each class action member, daily and weekly hours worked for each class action member, wage statements for each class action member; timekeeping and payroll records of putative class members; documents relating to labor, payroll and wage-and-hour practices and policies.

As Plaintiff anticipates filing a class certification motion, discovery will first need to be conducted regarding certification issues, as well as liability and damages issues. Plaintiff believes that the discovery obtained in preparation for their class certification motion will also be operative in determining damages and liability at trial, and believe phased discovery is unnecessary in this case. Plaintiff believes he will require at least twelve (12) months to complete class certification discovery.

The Parties propose that the Court defer setting a deadline for Plaintiff to move for certification until after discovery practice, to obtain core class timekeeping and payroll documents and policies and practices, is completed, and that the setting of all other pre-trial deadlines be deferred until after the Court rules on Plaintiffs' anticipated class certification motion, which will significantly affect the scope of this lawsuit and any trial.

**J.   RELATED CASES**

The Parties are unaware of any present related actions.

**K.     RELIEF SOUGHT IN COMPLAINT**

**Plaintiff's Statement**

    a. Compensatory damages including wages and overtime wages in an amount according to proof with interest thereon;

    b. A declaratory judgment that each of the Defendants violated Plaintiff's, the Class's, and the FLSA Collective's rights under FLSA, 29 U.S.C. § 201 et seq., the California Labor Code, and applicable IWC Wage Orders as set forth in the preceding paragraphs;

    c. An award to Plaintiff and each proposed Class Member of statutory damages or, in the alternative, actual and liquidated damages for Defendants' violations of FLSA;

    d. That Defendants be found to have engaged in unfair competition in violation of California Business and Professions Code § 17200 et seq.;

    e. That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code §§ 17203 and 17204;

    f. That Defendants be enjoined from continuing the unlawful or unfair competition in violation of § 17200 as alleged herein;

    g. Declaratory relief for Defendants' violation of the California Labor Code, California Business and Professions Code, and the FLSA;

    h. That Defendants be enjoined from further acts of restraint of trade or unfair competition;

    i. Premium wages pursuant to California Labor Code §§ 226, 226.7 and 510;

Joint Rule 26(f) Report and Case Management Statement     9     Case No. 16-cv-06723-JSC
610370719.1

j. Unpaid wages, liquated damages in an amount equal to the wages unlawfully unpaid, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

k. Unpaid wages pursuant to California Labor Code § 1194 and liquidated damages pursuant to Labor Code §1194.2;

l. An order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 98.6, 203, 210, 225.5, 226, 226.3, 226.7, 256, 512, 558, 1174.5, 1194, 1194.2, 1197.1, 2802, relating to all facts alleged in the complaint;

m. An award to Plaintiff and the Class Members of reasonable attorneys' fees, costs, and interest thereon pursuant to Code of Civil Procedure § 1021.5, California Labor Code §§218.5, 218.6, 226, 1194, 2699(g), and/or other applicable law;

n. All other relief provided by the FLSA, the California Labor Code, and California Business and Professions Code;

o. Such other and further relief as the Court deems just and proper; and

p. Injunctive relief;

**Defendants' Statement**

Plaintiff's and the purported class claims are factually and legally unsupported. Defendants deny the wage and hour allegations against it, as Plaintiff and the putative class were paid and offered meal and rest breaks in compliance with the California Labor Code. In addition, there is no evidence to support that Defendants retaliated against or terminated Plaintiff. The facts will show that Plaintiff was never fired, that Plaintiff is currently employed and has not suffered any damages.

Defendants will oppose a class certification motion as Plaintiff cannot meet the prerequisites under FRCP 23.

L. **SETTLEMENT & ADR**

The parties are open to mediation and are in the process of coming to a mutual decision as to whether they will choose to undergo mediation and, if so, which mediator they will use.

**M.   CONSENT TO MAGISTRATE**

The Parties have consented to Magistrate Jacqueline Scott Corley.

**N.   OTHER REFERENCES**

The Parties do not believe that special procedures, such as reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation, are warranted at this time.

**O.   NARROWING OF ISSUES**

The parties are currently unaware of any issues that can be narrowed by agreement or motion. However, to the extent that any Party believes that narrowing of an issue is warranted, the Parties agree to meet and confer in good faith regarding any such issue.

**P.   EXPEDITED SCHEDULE**

The Parties do not believe that this action may be handled via expedited basis with streamlined procedures.

**Q.   SCHEDULING**

The Parties believe that, generally, the scope, timing and sequence of future proceedings will depend upon this Court's ruling on Plaintiff's anticipated class certification motion and the scope and size of any class action group.

Plaintiff will move for certification upon completion of sufficient discovery, which the Parties have identified. Plaintiff believes he will require at least twelve (12) months to complete class certification discovery.

The Parties therefore propose that the Court set a Status Conference thirty (30) days from the date of the Court's ruling on class certification and that the Court set deadlines for future proceedings at that time. This will allow the parties to meet

and confer after the Court's ruling and to amend the Joint Status Conference Report with a proposed plan governing proceedings for all issues remaining at that time.

**R.  TRIAL**

The anticipated date and length of any trial of this matter will depend upon Plaintiff obtaining sufficient discovery, this Court's ruling on Plaintiff's anticipated class certification motion, and the scope and size of any class action group. At this stage, the Parties believe it is premature to estimate how long a trial may take.

In her complaint, Plaintiff made a demand for trial of her claims by jury to the extent authorized by law. Plaintiff still wants a jury trial.

**S.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties are unaware of any interested parties requiring disclosure pursuant to Local Rule 3-16.

**T.  PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully Submitted,

Dated: January 30, 2020                    **MALLISON & MARTINEZ**

                                           By: _/s/Hector Martinez_

                                           Stan S. Mallison
                                           Hector R. Martinez
                                           Leanna M. Sac

                                           *Attorneys for Plaintiff*

Dated: January 30, 2020                    **FUSION LEGAL, PC.**

By: /s/ Leiann Laiks

Leiann Laiks

*Attorneys for Defendants*