UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES VALENZUELA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BEST-LINE SHADES, INC., et al.,<br><br>Defendants. | Case No. 19-cv-07293-JSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Dkt. No. 20 |

Plaintiffs Dolores Valenzuela and Adela Flores filed this putative wage and hour class action against their former employer Best-Line Shades, Inc. and its owner and president Jill Schaffer seeking to recover unpaid wages and penalties under the Fair Labor Standards Act and California labor laws.  Plaintiffs' motion to file a second amended complaint seeking to plead additional facts, name an additional plaintiff, and add an additional defendant is now pending before the Court.  (Dkt. No. 20.)  After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the July 23, 2020 hearing, and GRANTS Plaintiffs' motion to amend.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Though Rule 15(a) is "very liberal ... a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708,

1    712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith*

2    *Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971). A "determination should

3    be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*,

4    170 F.3d 877, 880 (9th Cir. 1999).

5          Here, Plaintiffs seek leave to amend the complaint (1) to allege additional facts which post-

6    date the First Amended Complaint including that Defendants' operations ceased on March 17,

7    2020 and employees were told that they would not be paid for their final two weeks of work; (2) to

8    add an additional named plaintiff Raymunda Menijivar who was employed by Defendants through

9    this date; and (3) to add Richard Schaffer, who allegedly recently became Best-Line Shades' Chief

10   Financial Officer, as a defendant. Plaintiffs contend that amendment is proper because they seek

11   to allege facts that developed following the filing of the First Amended Complaint and to add a

12   defendant so that they can pursue and recover on their claims against Mr. Schaffer at the CFO as

13   well as Best-Line Shades and Ms. Schaffer as the owner and president. Defendants do not oppose

14   the amendment except as to adding Mr. Schaffer as a defendant because they contend that such

15   amendment would be futile because Mr. Schaffer is not an "employer" under the Fair Labor

16   Standards Act.

17         The Court concludes that amendment is proper here. First, there is no evidence of material

18   prejudice to Defendants. *See Owens*, 244 F.3d at 712 (finding appellants suffered no prejudice

19   when appellee amended its answer because there was no delay in proceedings or additional

20   discovery required). Plaintiffs' motion for class certification is not due until May 6, 2021 and

21   discovery is still in its early stages. Indeed, there is no suggestion that adding these parties would

22   delay the current schedule.

23         Second, there is no evidence of bad faith. *See Owens*, 244 F.3d at 712 (finding no evidence

24   of bad faith because appellee offered "substantial competent evidence" as to why it delayed in

25   filing a motion to amend). Plaintiffs have moved to amend to include facts which post-date the

26   First Amended Complaint and to add an additional defendant who may be liable for Plaintiffs'

27   claims.

28         Third, there is no evidence of undue delay. Plaintiffs filed their motion to amend a month

1  after receiving discovery responses indicating that employees who worked for Defendants
2  between March 4 and March 16, 2020 were not paid. (Dkt. No. 20-1 at ¶ 6.) Ms. Menjivar came
3  forward after the First Amended Complaint was filed indicating a willingness to participate in the
4  case. (*Id*. at ¶ 4.) Likewise, after Plaintiffs filed the First Amended Complaint, Best-Line Shades
5  filed a new Statement of Information with the California Secretary of State indicating that Mr.
6  Schaffer was the CFO. (*Id*. at ¶ 3.) Plaintiffs thereafter sought Defendants' stipulation to
7  amendment, but Defendants declined. (*Id*. at ¶ 8.) *See Owens*, 244 F.3d at 712–13 (finding no
8  unreasonable delay because appellee moved to amend as soon as it became aware of an applicable
9  defense).

10  Finally, "a proposed amendment is futile only if no set of facts can be proved under the
11  amendment to the pleadings that would constitute a valid and sufficient claim or defense."
12  *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). "The
13  proper test to be applied when determining the legal sufficiency of a proposed amendment is
14  identical to the one used when considering the sufficiency of a pleading challenged under Rule
15  12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), on reh'g en banc, 681 F.3d
16  1041 (9th Cir. 2012) (internal citation and quotation marks omitted). The Court therefore "must
17  accept as true all factual allegations in the [proposed] complaint," as it would on a Rule 12(b)(6)
18  motion. *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945
19  (9th Cir. 2014).

20  Here, there is nothing to suggest that amendment of Plaintiffs' complaint to add these
21  allegations and parties would be futile. Defendants' contention that adding Mr. Schaffer as a
22  defendant would be futile is misplaced. The Court cannot consider Defendants' factual
23  arguments regarding Mr. Schaffer in the cases's present procedural posture. Rather, the Court
24  must accept the factual allegations in the proposed amended complaint as true and construe them
25  in the light most favorable to Plaintiffs; here, that Mr. Schaffer is Best-Line Shades CFO and that
26  as the CFO he "exercised ultimate control over policies involving compensation and hours and
27  either (1) knowingly authorized the unlawful practices; or (b) with knowledge of unlawful
28  practices did nothing to stop them, instead rarifying them." (Dkt. No. 20-1 at ¶ 21.) Defendants'

United States District Court
Northern District of California

insistence that Mr. Schaffer is not an employer under the FLSA is likewise unavailing as it ignores that Plaintiffs' California Labor Code violations allow recovery from "[a]ny employer or other person acting on behalf of an employer" which includes "an owner, director, officer, or managing agent of the employer." Cal. Lab. Code § 558.1; *see also* Cal. Lab. Code § 558 ("Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follow"). The Court thus cannot say that Plaintiffs' proposed amendments would be futile as a matter of law.

Accordingly, the balance of factors supports granting Plaintiffs leave to amend under Rule 15(a)(2).

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to amend is GRANTED. (Dkt. No. 20.) Plaintiffs shall file the proposed amended complaint within 3 court days.

**IT IS SO ORDERED.**

Dated: July 17, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4