UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES VALENZUELA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BEST-LINE SHADES, INC., et al.,<br><br>Defendants. | Case No.  19-cv-07293-JSC<br><br>**ORDER RE: MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**<br><br>Re: Dkt. No. 61 |

Now pending before the Court is the motion of Leiann Laiks, and the law firm of Fusion Legal, PC, to withdraw as counsel for Defendants Best-Line Shades, Inc., Best-Line, Inc., and Jill Schaffer.[1] (Dkt. No. 61.)  Defendants have not responded to the motion, although the time for them to do so has passed. After carefully considering Counsel's motion, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion as set forth below.

**DISCUSSION**

Counsel seeks to withdraw from representation of the Best-Line entities because they filed Certificates of Dissolution on June 12, 2020 and no longer exist as legal entities. (Dkt. No. 61 at 3.[2])  In addition, Counsel seeks to withdraw as counsel for Ms. Schaffer because she has repeatedly failed to maintain communication with Counsel and has ceased paying her legal fees in breach of their written representation agreement. (*Id*. at 4.)

In this district, "[c]ounsel may not withdraw from an action until relieved by order of the

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 10.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Court after written notice has been given reasonably in advance to the client and to all other
2  parties who have appeared in the case." Civ. L.R. 11-5(a); *Dist. Council No. 16 No. Cal. Health &*
3  *Welfare Trust Fund v. Lambard Enters., Inc.*, No. C 09-05189 SBA, 2010 WL 3339446, at *1
4  (N.D. Cal. Aug. 24, 2010) (internal citations omitted). The Local Rule further provides that
5  "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance
6  of substitute counsel or agreement of the party to proceed pro se, leave to withdraw may be subject
7  to the condition that papers may continue to be served on counsel for forwarding purposes, unless
8  and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

9  The decision to permit withdrawal of counsel is within the trial court's discretion. *See*
10 *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate,*
11 *Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982). Courts ruling on motions to withdraw have considered,
12 among other things, (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that
13 withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the
14 administration of justice; and (4) the extent to which withdrawal will delay resolution of the case.
15 *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). In this
16 District, courts also consider the standards of professional conduct required of members of the
17 State Bar of California. *See, e.g., U.A. Local 342 Joint Labor-Mgmt. Comm. v. So. City*
18 *Refrigeration, Inc.*, No. 09-3219, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010); *Cal. Native*
19 *Plant Soc'y v. U.S. EPA*, No. 06-3604, 2008 WL 4911162, at *1 (N.D. Cal. Nov. 14, 2008). Under
20 California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may request permission to
21 withdraw on the basis of "conduct [that] renders it unreasonably difficult for the [attorney] to carry
22 out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

23 The Court concludes that good cause exists for counsel's withdrawal from representation
24 of the Best-Line entities and Ms. Schaffer. Counsel attests that despite repeated attempts to
25 communicate with Ms. Schaffer, she has been unable to do so. (Dkt. No. 61-1 at ¶ 7.) In addition,
26 Ms. Schaffer has not paid her legal fees since May 2021. (*Id.* at ¶ 6.) Ms. Schaffer's failure to
27 maintain regular—or even sporadic—contact with her counsel and to cooperate in moving the
28 litigation forward constitutes good cause for withdrawal. *See, e.g., U.A. Local 342*, 2010 WL

1293522, at *3; *McClintic v. U.S. Postal Serv.*, No. 13-cv-00439, 2014 WL 51151, at *3 (E.D. Cal. Jan. 7, 2014) (collecting cases in which a client's failure to cooperate or communicate effectively with counsel justified the attorney's motion to withdraw). In addition, "[f]ailure to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw." *Heifetz v. Nilkanth*, No. 18-CV-04623-TSH, 2019 WL 3457793, at *2 (N.D. Cal. July 31, 2019).

As for the prejudice to other litigants if counsel is allowed to withdraw, Counsel provided notice to Plaintiffs who have not opposed this motion as well as to Ms. Schaffer through email, mail, and text messaging at her last known address.[3] (Dkt. No. 61-1 at ¶ 8.) Further, this litigation cannot proceed without Defendants' cooperation and is currently at an impasse because Defendants have failed to provide Plaintiffs' counsel with a class list following the Court's class certification order. (Dkt. Nos. 56, 57.) Accordingly, withdrawal will neither impede the administration of justice nor delay resolution of this case beyond its current delay, and Counsel has complied with all relevant California Rules of Professional Conduct.

Civil Local Rule 11-5(b) states that when withdrawal by an attorney from an action is "not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Further, it "is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (internal citations omitted); *see also* Civ. L.R. 3-9(b). Because the motion was not accompanied by the simultaneous appearance of substitute counsel for either the Best-Line entities or Ms. Schaffer, or Ms. Schaffer's agreement to appear pro se, Counsel shall continue to be served for forwarding purposes unless and until the Best-Line entities appears by other counsel and Ms. Schaffer appears by other counsel or pro se. *See* Civil L.R. 11-5(b).

In addition, the Best-Line entities must obtain new counsel within 30 days of this Order. If new counsel does not appear on behalf of the Best-Line entities within 30 days, the Court will

---

[3] Ms. Shaffer appears to be the sole representative of the Best-Line entities as she signed the Certificate of Dissolutions on their behalf. (Dkt. No. 61-1 at 3-6.)

likely allow Plaintiffs' counsel to seek entry of default and a default judgment.[4]  *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of a default judgment where the corporate defendant had failed to obtain substitute counsel); *see also U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same); *Baeza v. Assisted Credit Servs., Inc.*, No. 8:15-cv-01451-ODW (JCG), 2016 WL 3912016, at *2–4 (C.D. Cal. July 19, 2016).

Counsel shall provide notice to Defendants of this Order and her obligation to continue to accept service on their behalf and shall file proof of service of the same within three days of this Order. *See* N.D. Cal. Civ. L.R. 11-5(b).

**CONCLUSION**

For the reasons stated above, Counsel's motion to withdraw as counsel for Defendants is GRANTED.

The Court CONTINUES the Status Conference set for December 16, 2021 to January 13, 2022 at 1:30 p.m. by which time counsel should have entered an appearance for the Best-Line entities and Ms. Schaffer, or Ms. Schaffer shall have entered an appearance pro se.

In the interim, Ms. Schaffer is advised that she may contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding her claims.

This Order disposes of Docket No. 61.

**IT IS SO ORDERED.**

Dated: December 2, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[4] Under California law, "[a] corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs [and] prosecuting and defending actions by or against it ...." Cal. Corp. Code § 2010(a). Furthermore, "[n]o action or proceeding to which a corporation is a party abates by the dissolution of the corporation or by reason of proceedings for winding up and dissolution thereof." *Id.*, § 2010(b).