1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    DOLORES VALENZUELA, et al.,              Case No.  19-cv-07293-JSC

8              Plaintiffs,

9         v.                                  **ORDER TO SHOW CAUSE RE:
                                              DEFENDANTS' DEFAULT**
10   BEST-LINE SHADES, INC., et al.,
                                              Re: Dkt. No. 63
11             Defendants.

12

13        Plaintiffs Dolores Valenzuela, Adela Flores, and Raymunda Menjivar filed this wage and

14   hour class and collective action against their former employer Best-Line Shades, Inc., Best-Line,

15   Inc., and its owner and president Jill Schaffer seeking to recover unpaid wages and penalties under

16   the Fair Labor Standards Act (FLSA) and California labor laws. On August 10, 2021, the Court

17   granted Plaintiffs' motion for certification of a class and collective action under Federal Rule of

18   Civil Procedure 23(b)(3) and FLSA, Section § 216(b). (Dkt. No. 53.)  The Court subsequently

19   granted Plaintiffs' motion to compel Defendants to provide a copy of the class list so that class

20   notice could be provided.  (Dkt. No. 60.)  Defendants failed to comply with that order and Defense

21   counsel subsequently moved to withdraw from representation of (1) the Best-Line entities because

22   they no longer exist as legal entities, and (2) Ms. Schaffer because she repeatedly failed to

23   maintain communication with counsel and ceased paying her legal fees in breach of their written

24   representation agreement. (Dkt. No. 61.)

25        On December 2, 2021, the Court granted counsel's motion to withdraw and ordered

26   Defendants to obtain new counsel within 30 days.  (Dkt. No. 63.)  Ms. Schaffer was given the

27   option to enter an appearance pro se, but the Best-Line entities were advised that they had to retain

28   counsel based on "the longstanding rule that [c]orporations and other unincorporated associations

United States District Court
Northern District of California

United States District Court
Northern District of California

1    must appear in court through an attorney." (Dkt. No. 63 at 3 (quoting *D-Beam Ltd. P'ship v.*

2    *Roller Derby Skates*, *Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (internal citations omitted)); *see*

3    *also* Civ. L.R. 3-9(b).)  More than 30 days have passed, and no counsel has entered an appearance

4    for either the Best-Line entities or Ms. Schaffer nor has Ms. Schaffer entered an appearance pro se

5    or otherwise communicated with the Court.  Plaintiffs have thus moved for Defendants' default

6     (Dkt. No. 65.)

7         Defendants are ORDERED TO SHOW CAUSE as to why the Court should not enter their

8    default based on their failure to comply with the Court's Order to produce a class list, failure to

9    participate in this action, and failure to enter an appearance either pro se or through counsel in the

10   case of Ms. Schaffer or through counsel in the case of the Best-Line entities.  "[D]efault [i]s a

11   permissible sanction for failure to comply with local rules requiring representation by counsel."

12   *See Emp. Painters' Tr. v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (internal

13   citation omitted).  Likewise, "[u]nder Federal Rule of Civil Procedure 37(b), a district court may

14   impose sanctions, including default, for failing to comply with a court order."  *Dreith v. Nu Image,*

15   *Inc.*, 648 F.3d 779, 786 (9th Cir. 2011).  Here, Defendants failed to comply with the Court's Order

16   to produce the class list.  Ms. Shaffer has also failed to comply with the Court's order that she

17   enter an appearance pro se or through counsel following the withdrawal of counsel.  The Best-Line

18   entities have also failed to comply with the Court's order to obtain counsel and are in violation of

19   Local Rule 3-9(b).

20        Defendants shall file a written response to this Order by February 15, 2022.  Any written

21   response to this Order must be accompanied by an appearance by counsel for the Best-Line

22   entities and either an appearance of counsel or appearance pro se for Ms. Schaffer. Failure to

23   comply with this Order may result in entry of Defendants' default without further warning.

24        Defendants' prior counsel, Leiann Laiks, of the law firm of Fusion Legal, PC, must

25   provide Defendants notice of this Order and shall file proof of service of the same within three

26   days of this Order.  *See* N.D. Cal. Civ. L.R. 11-5(b).  (Dkt. No. 63.)

27        //

28        //

1     **IT IS SO ORDERED.**

2   Dated: January 25, 2022

3

4                            _____

5                            JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

3