UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES VALENZUELA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BEST-LINE SHADES, INC., et al.,<br><br>Defendants. | Case No.  19-cv-07293-JSC<br><br>**ENTRY OF DEFAULT**<br>Re: Dkt. Nos. 63, 67 |

Plaintiffs Dolores Valenzuela, Adela Flores, and Raymunda Menjivar filed this wage and hour class and collective action against their former employer Best-Line Shades, Inc., Best-Line, Inc., and its owner and president Jill Schaffer seeking to recover unpaid wages and penalties under the Fair Labor Standards Act (FLSA) and California labor laws. On August 10, 2021, the Court granted Plaintiffs' motion for certification of a class and collective action under Federal Rule of Civil Procedure 23(b)(3) and FLSA, Section § 216(b). (Dkt. No. 53.) The Court subsequently granted Plaintiffs' motion to compel Defendants to provide a copy of the class list so that class notice could be provided. (Dkt. No. 60.) Defendants failed to comply with that order and Defense counsel subsequently moved to withdraw from representation of (1) the Best-Line entities because they no longer exist as legal entities, and (2) Ms. Schaffer because she repeatedly failed to maintain communication with counsel and ceased paying her legal fees in breach of their written representation agreement. (Dkt. No. 61.)

On December 2, 2021, the Court granted counsel's motion to withdraw and ordered Defendants to obtain new counsel within 30 days. (Dkt. No. 63.) Ms. Schaffer was given the option to enter an appearance pro se, but the Best-Line entities were advised that they had to retain counsel based on "the longstanding rule that [c]orporations and other unincorporated associations

must appear in court through an attorney." (Dkt. No. 63 at 3 (quoting *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (internal citations omitted)); *see also* Civ. L.R. 3-9(b).)   Plaintiffs moved for Defendants' default after the 30 days passed and no counsel had entered an appearance for either the Best-Line entities or Ms. Schaffer, and nor had Ms. Schaffer entered an appearance pro se or otherwise communicated with the Court.  (Dkt. No. 65.)

On January 25, 2022, the Court issued an Order to Show Cause as to why the Court should not enter Defendants' default based on their failure to comply with the Court's Order to produce a class list, failure to participate in this action, and failure to enter an appearance either pro se or through counsel in the case of Ms. Schaffer, or through counsel in the case of the Best-Line entities.  (Dkt. No. 67.)  Defendants have not responded to the Court's Order and the time to do so has run.  Given Defendants' failure to comply with the Court's Orders, the Best-Line entities' failure to retain counsel, and Ms. Schaffer's failure to appear in this action following the withdrawal of her counsel, the Court grants Plaintiff's request for entry of default.

The "court must consider [five factors] before dismissing a case or declaring a default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)).  Dismissal or default is appropriate where "at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith*, 648 F.3d at 788.

Here, four of the five *Malone* factors weigh in favor of default.  "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to respond to the Court's Order and produce the Class List, failing to retain counsel, and failing to prosecute this action, Defendants have delayed adjudication of this action.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the

2

Court] could have devoted to other ... criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

As for the third factor, to determine whether a "[plaintiff] has been prejudiced, we examine whether the [defendant's] actions impair the [plaintiff's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Defendants' refusal to provide a Class List and participate in this litigation, has "made it impossible for Plaintiff to adequately prepare itself for trial" or litigate this case. *Dreith*, 648 F.3d at 788. While "delay alone has been held to be insufficient prejudice," "[f]ailure to produce documents as ordered [] is considered sufficient prejudice." *Id*. (internal citations omitted).

The fourth factor, "resolution of cases on their merits, always weighs against dismissal." *Id*. (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)).

The final factor is the availability of less drastic sanctions. The Court already cautioned Defendants that the Best-Line entities must find counsel and cannot appear pro se. (Dkt. No. 63 at 3.) Further, Defendants were warned that if counsel failed to enter an appearance on their behalf, Plaintiffs could seek entry of default. (*Id*. at 4.) None of the Defendants responded to the Court's Order—no counsel appeared and Ms. Schaffer did not enter an appearance pro se.

Under Civil Local Rule 3-9(b), a "corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." *See also D-Beam Ltd. P'ship v. Roller Derby Skates, Inc*., 366 F.3d 972, 973–74 (9th Cir. 2004) ("[i]t is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney.") Further, the Ninth Circuit recognizes that "default [i]s a permissible sanction for failure to comply with local rules requiring representation by counsel." *See Emp. Painters' Tr. v. Ethan Enterprises, Inc*., 480 F.3d 993, 998 (9th Cir. 2007) (internal citation omitted). Likewise, "[u]nder Federal Rule of Civil Procedure 37(b), a district court may impose sanctions, including default, for failing to comply with a court order." *Dreith v. Nu Image, Inc*., 648 F.3d 779, 786 (9th Cir. 2011). Here, Defendants failed to comply with the Court's order to provide a Class List, the order to obtain counsel and enter an appearance, and the Court's Order to Show Cause as to why their default should not be entered. Accordingly, while the Court has

3

considered less drastic sanctions, Defendants have willfully refused to assist in the resolution of this action. *Id.* at 788.

In sum, four of the five *Malone* factors weigh in favor of entry of default here.

## CONCLUSION

Plaintiffs' request for entry of default is GRANTED.

Plaintiffs shall file a motion for default judgment within 30 days of the Order.

**IT IS SO ORDERED.**

Dated: February 18, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4