UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES VALENZUELA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BEST-LINE SHADES, INC., et al.,<br><br>Defendants. | Case No. 19-cv-07293-JSC<br><br>**ORDER TO SHOW CAUSE RE: PLANTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 73 |

Plaintiffs Dolores Valenzuela, Adela Flores, and Raymunda Menjivar filed this wage and hour class and collective action against their former employer Best-Line Shades, Inc., Best-Line, Inc., and its owner and president Jill Schaffer seeking to recover unpaid wages and penalties under the Fair Labor Standards Act (FLSA) and California labor laws. On August 10, 2021, the Court granted Plaintiffs' motion for certification of a class and collective action under Federal Rule of Civil Procedure 23(b)(3) and FLSA, Section § 216(b). (Dkt. No. 53.) The Court subsequently granted Plaintiffs' motion to compel Defendants to provide a copy of the class list so that class notice could be provided. (Dkt. No. 60.) Defendants failed to comply with that order and defense counsel was subsequently relieved of representation. (Dkt. No. 61.) After Defendants failed to find new counsel, or appear pro se in the case of Ms. Schaffer, the Court entered Defendants' default. (Dkt. No. 68.) Plaintiffs' motion for default judgment is now pending before the Court. (Dkt. No. 73.) Because the Court has a number of concerns regarding the motion, the Court VACATES the May 5, 2022 hearing date and ORDERS Plaintiffs to SHOW CAUSE regarding how this action can be maintained as a class or collective action.

Since the Court granted Plaintiffs' motion for class certification under Rule 23(b)(3) and certified the FLSA collective, neither Plaintiffs nor the Court have had any communication with

Defendants.  Further, because Defendants did not provide a class list, Plaintiffs never provided notice to the Rule 23 class nor to the FLSA collective.  (Dkt. Nos. 56, 57, 60, 63.)  Rule 23(c)(2)(B) requires that notice be sent to all class members in a class certified under Rule 23(b)(3).  Likewise, following conditional certification in an FLSA collective action "a court-approved notice [must be disseminated] to the putative collective action members, advising them that they must affirmatively opt in to participate in the litigation." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109 (9th Cir. 2018).  Further, it does not appear that Plaintiffs have attempted to determine the identity of the members of the class absent a class list.  Indeed, in Plaintiffs' motion for default judgment, Plaintiffs provide "estimates" regarding the number of class members.  (Dkt. No. 73-11 at ¶ ¶ 7-9 (containing Ms. Valenzuela's estimates regarding the number of employees.)  Yet Plaintiffs seek to obtain a default judgment and damages for unknown class members.  None of this is addressed or explained in Plaintiffs' motion for default judgment.

Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE as to how the Court can proceed with a Rule 23(b) and FLSA judgment when they have not proffered anyway to identify any employees, other than the named plaintiffs. Plaintiffs shall response in writing by May 23, 2022.  The Court holds the motion for default judgment in abeyance pending disposition of this ORDER TO SHOW CAUSE.

**IT IS SO ORDERED.**

Dated:  May 2, 2022

JACQUELINE SCOTT CORLEY
United States District Judge