UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES VALENZUELA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BEST-LINE SHADES, INC., et al.,<br><br>Defendants. | Case No. 3:19-cv-07293-JSC<br><br>**ORDER RE: AMENDED MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 105 |

Plaintiffs Dolores Valenzuela, Adela Flores, and Raymunda Menjivar filed this wage and hour class and collective action against their former employer Best-Line Shades, Inc., Best-Line, Inc., and its owner and president Jill Schaffer, seeking to recover unpaid wages and penalties under the Fair Labor Standards Act (FLSA) and California labor laws. On August 10, 2021, the Court granted Plaintiffs' motion for certification of a class and collective action under Federal Rule of Civil Procedure 23(b)(3) and FLSA, Section § 216(b). (Dkt. No. 53.[1]) The Court subsequently granted Plaintiffs' motion to compel Defendants to provide a copy of the class list so class notice could be provided. (Dkt. No. 60.) Defendants failed to comply with that order and defense counsel was subsequently relieved of representation. (Dkt. No. 61.) After Defendants failed to find new counsel, or appear pro se in the case of Ms. Schaffer, the Court entered Defendants' default. (Dkt. No. 68.) The Court denied Plaintiffs' initial motion for default judgment based on concerns regarding how the action could be maintained as either a class or collective action. (Dkt. No 76.) Over a year and a half later, and after many Court orders, Plaintiffs filed the now pending amended motion for default judgment. (Dkt. No. 105.) The

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1   motion is DENIED for the reasons stated below.

2         First, while there are three named Plaintiffs in this action, the motion only discusses Ms.
3   Valenzuela. There is no reference to the other Plaintiffs except in the Notice of Motion. (Dkt. No.
4   105 at 2.) Likewise, there are no declarations attached to the motion for any of the named
5   Plaintiffs, although such declarations are referenced in the Notice of Motion. (*Id*. ("This Motion is
6   based upon . . . the Declaration of Plaintiff Dolores Valenzuela, the Declaration of Plaintiff Adela
7   Flores, the Declaration of Plaintiff Raymund[a] Menjivar).

8         Second, Plaintiffs' briefing regarding the second and third *Eitel v. McCool*, 782 F.2d 1470,
9   1471 (9th Cir. 1986), factors, which focus on the merits of Plaintiffs' substantive claim and the
10  sufficiency of the complaint, includes no discussion of the actual legal claims. (Dkt. No. 105-1 at
11  13-14.) While Plaintiffs plead 13 claims, the motion groups these claims into three categories
12  without referencing any of the statutes under which they arise or discussing the elements of any
13  claim. "A party seeking default judgment bears the burden of demonstrating to the Court that the
14  complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default
15  judgment." *Safe Health Sys., Inc. v. Chierchio*, No. 2:23-CV-00543-SPG-PD, 2023 WL 6908623,
16  at *1 (C.D. Cal. Aug. 31, 2023) (collecting cases denying motions for default judgment when
17  plaintiffs failed to carry their burden); *see also Kansupda v. Baptista Delivery Servs*., LLC, No.
18  4:18-CV-02133-KAW, 2022 WL 2251026, at *5 (N.D. Cal. Mar. 31, 2022), report and
19  recommendation adopted, No. 18-CV-02133-HSG, 2022 WL 2240080 (N.D. Cal. June 22, 2022)
20  ("A party seeking default judgment must state a valid claim upon which it may recover."). It is
21  not the Court's responsibility to do Plaintiffs' research for them and on its own explain how
22  Plaintiffs' allegations state a claim.

23        Third, while the Court ordered Plaintiffs to prove up damages for each claim (Dkt. No. 98),
24  the damages calculations in the motion are incomprehensible. It is unclear what damages are
25  available for each claim, what damages are sought for which claims, or the basis for the
26  calculations. (Dkt. No. 105-1 at 19-22.) For example, why do some claims seek damages for
27  7,114 paychecks by 90 employees whereas others seek damages for 2,068 paychecks for 60
28  employees and others 2,068 paychecks for 59 employees. (*Id*. at 20-21.) To further confuse

United States District Court
Northern District of California

matters, both Ms. Flores's and Ms. Menjivar's declarations in support of a prior motion for default judgment indicate there were 45 employees at the facility during the relevant time period. (Dkt. No. at ¶ 7; Dkt. No 103-13 at ¶ 7.) Further, Exhibit M to the declaration of Aaron Wolfson, which purports to set forth the damages calculations, is unreadable. (Dkt. No. 105-3 at 236.)

Fourth, while counsel seeks attorneys' fees in the amount of $193,835.20, there is no discussion of the request for attorney's fees in the motion other than to reference the "Mallison Declaration," but no such declaration was filed with the motion. (Dkt. No. 105-1 at 24.) To the extent Plaintiffs are referring to the declaration Mr. Mallison filed with a prior motion for default judgment, the operative declaration must be submitted with the pending motion. Further, Mr. Mallison's declaration with the prior motion does not provide a basis for the lodestar calculation. (Dkt. No. 103-1 at ¶ 46.) How many hours did counsel work and why are those hours reasonable? In addition, the billing records attached to Mr. Mallison's earlier declaration are by biller and not in chorological order which makes it impossible to crosscheck and it appears they are incomplete. (Dkt. No. 103-6.)

Given these issues, the Court DENIES Plaintiffs' amended motion for default judgment without prejudice. Any amended motion shall be filed by February 16, 2024. The Court urges Plaintiffs to carefully review any amended motion before filing it and ensure it addresses all of the foregoing issues. While the Court is mindful of the difficulties Plaintiffs may have recovering any judgment in this action, that is no excuse for not submitting careful work product and wasting judicial resources.

This Order disposes of Docket No. 105.

**IT IS SO ORDERED.**

Dated: January 9, 2024

JACQUELINE SCOTT CORLEY
United States District Judge